*JULIA NUGENT, as Administratrix, etc., of WILLIAM NUGENT, Deceased, Respondent, *v.* LUCY VANDERVEER, Appellant.

*Duty of the proprietors of a bathing establishment to protect and rescue patrons—1879, chap. 328 — not applicable to actions to recover damages for the death of a bather.*

This action was brought to recover the damages sustained by the plaintiff, by reason of the death of her husband, who was alleged to have been drowned while bathing at the defendant's bathing establishment, at Coney Island, through the defendant's negligence. Upon the trial the presiding justice incorporated into his charge the act of the legislature, for the protection of human life at public watering and bathing places (chap. 328 of 1879), which requires the proprietors of bathing establishments to provide the means to rescue from drowning persons who pay for the privilege of bathing, and who may expose their lives by carelessness or inexperience, and declared the rule in this action to be, that, if the performance of the statutory duty, imposed upon the defendant, would have prevented the accident, the negligence of the deceased, if any, was not available as a defense here.

*Held,* that the act referred to was not applicable to actions of this character.

Appeal from a judgment, entered upon a verdict for the plaintiff, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*T. C. Cronin,* for the appellant.

*J. A. O'Gorman,* for the respondent.

Brady, J.:

This action was brought to recover damages consequent upon the loss of the plaintiff's husband, whilst bathing at Coney Island, in the season of 1884.

The learned justice presiding incorporated in his charge the act of the legislature, for the protection of human life at public watering and bathing places, passed May 19, 1879 (Laws 1879, chap. 328), which required the proprietors of bathing establishments to provide the means to rescue from drowning persons who pay for the privilege of bathing, and who may expose their lives by carelessness or inexperience, and declared the rule in this action to be, that, if the

---

performance of the statutory duty, imposed upon the defendant, would have prevented the accident, the negligence of the deceased, if any, was not available as a defen e here.

This did not leave the case to be disposed of by the jury upon the element which controls actions of this character, namely, negligence. The learned justice substantially repudiated the rule that the plaintiff could not recover, if the intestate contributed to his death by his own negligence; becauso he said that if he were careless, and brought his life into peril and danger, and consequently lost it, the defendant was liable, if she was negligent and failed to comply with the provisions of the statute, when such compliance would have resulted in saving the decedent's life.

It is the opinion of myself and my associates that the act mentioned is not applicable to actions of this character. A failure to comply with its requirements is determined by the second section, which makes non-compliance a misdemeanor, and provides that upon conviction thereof, the penalty shall be fine or imprisonment, or both.

It is for these reasons thought, without considering any other question presented in the case, that the judgment must be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment reversed, new trial granted, costs to abide event.